IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | |
| | ) | C.A. No. 6:24-2136-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| David Seay, Brian Johnson, Anthony Basile, Will Davis, Caroline Newton, Lynn Barrett, Nela Laughridge, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. Plaintiff, proceeding pro se, brings this 42 U.S.C. § 1983 action alleging that Defendants' respective actions in his state criminal proceedings, Department of Social Services ("DSS") proceedings, and family court proceedings violated his constitutional rights. In his Report and Recommendation filed on June 21, 2024, Magistrate Judge McDonald recommends dismissing this case with prejudice, without leave to amend, and without issuance and service of process. (R&R 8, ECF No. 32.)

Plaintiff filed timely objections to the Report and Recommendation. Objections to a report and recommendation must be specific. A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in

1

part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, it appears that Plaintiff has not specifically objected to the substance of the magistrate judge's findings or conclusions. However, out of an abundance of caution, the court will address Plaintiff's claim that Defendants violated his Sixth Amendment rights and committed ethical violations. (Objs. 5, ECF No. 34.) As stated in the Report and Recommendation, Defendants Seay, Johnson, Davis, Newton, and Barrett are attorneys and therefore are not state actors under § 1983. Parkell v. South Carolina, 687 F. Supp. 2d 576, 586 (D.S.C. 2009) ("An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.").

In addition, Defendant Laughridge, the guardian ad litem ("GAL") assigned to advocate for Plaintiff's children in the DSS case, is entitled to absolute immunity from § 1983 claims for duties performed as a GAL. Plaintiff's claims against Defendant Laughridge concern only her actions taken as a GAL. Grant v. S.C. Dep't of Soc. Servs., C/A No. 2:18-cv-01804-RMG-BM, 2019 WL 2093861, at *5 (D.S.C. Feb. 14, 2019) (citing Fleming v. Asbill, 42 F.3d 886, 889 (4th

2

Cir. 1994) ("Even if [the GAL] lied to the judge in open court, she was still acting as the guardian, and is immune from § 1983 liability." (footnote omitted)).

Lastly, Plaintiff claims that Defendant Basile, a DSS caseworker, "set [him] up." (Objs. 4, ECF No. 34.) However, Defendant Basile is immune from liability when engaged in "activities . . . that could be deemed prosecutorial." Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 135, 138 (4th Cir. 1989). Plaintiff's allegations fail to state a claim for relief as they are conclusory and vague and fail to identify any nonprosecutorial actions taken by Defendant Basile. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Based on the foregoing, after reviewing the objected-to portions of the Report and Recommendation de novo and the remainder for clear error, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that this case is dismissed with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 18, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.